UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

FRANK W. WHITE JR, )
)
      Plaintiff, ) **VERIFIED FIRST**
) **AMENDED COMPLAINT**
-against- ) **JURY TRIAL DEMANDED**
) **CIVIL ACTION No.:**
THE COUNTY OF DUTCHESS, ) **15-cv-8744(VB)**
)
CITY OF POUGHKEEPSIE , )
)
OFFICER SEAN MCCARTY, OFFICER BRYAN CRONK, )
)
OFFICER VAN WAGNER , OFFICER ROBERT HABERSKI, )
)
OFFICER MATTHEWS HAMEL, OFFICER LAWRENCE )
)
BARTOLOTTI, )

INDIVIDUALLY,

And as Employees of the City of Poughkeepsie Police Department,

STEVE ROSENBLUM, Individually and his Official Capacity

as Parole Revocation Specialist.

      Defendants.

---

Plaintiff, FRANK W. WHITE JR, by and through his attorney, Ryanne Konan, hereby affirms to the best of his knowledge, under the pains and penalties of perjury , as and for his First Amended Complaint in this action against the Defendants DUTCHESS COUNTY , CITY OF POUGHKEEPSIE , OFFICER SEAN MCCARTY, OFFICER BRYAN CRONK, OFFICER VAN WAGNER, OFFICER ROBERT HABERSKI, OFFICER HAMEL, OFFICER LAWRENCE BARTOLOTTI, and STEVE ROSENBLUM as PAROLE REVOCATION SPECIALIST as follows:

1

## NATURE OF CLAIMS

1. Plaintiff in the above captioned matter was a victim of Defamation, unreasonable search and seizure, false arrest, malicious prosecution, falsification of evidence and conspiracy when the City of Poughkeepsie Police Department, through its officers Sean McCarty, Bryan Cronk, Van Wagner, Robert Haberski, Hamel and Lawrence Bartolotti, on a patrol paid by the new State Gun Violence Elimination Program for which the County of Dutchess and the City of Poughkeepsie received important funds, and in their ambition to implement the program and justifying their pay, unreasonably detained and falsely arrested Plaintiff on August 23, 2014, without probable cause, falsified evidence and conspired with the Dutchess County District Attorney Office and with Steve Rosenblum who was Plaintiff's Parole Officer to maliciously prosecute Plaintiff, thereby violating Plaintiff's constitutional rights under the United States Constitution.

2. On August 25, 2014, the Poughkeepsie Journal published an article about the arrest with Plaintiff's picture on the page. The article is accessible through a google search of Plaintiff's name. Plaintiff has lost his financial aid, and his employment, and has not been able to find another employment although actively looking and applying for several position.

3. The Dutchess County District Attorney Office as a local policy maker for the County of Dutchess.

4. Dutchess County received $ 342, 512 from the State Gun Involved Violence Elimination Program for the year 2014, and established policy and custom to implement the program to wit : recover suspected illegal handguns without a warrant, thereby encouraging illegal search and seizure, false arrest and malicious prosecution in violation of citizens' rights under the United States Constitution and the New York State Constitution.

5. The City of Poughkeepsie as a local policy maker for the City of Poughkeepsie Police Department.

2

6. The City of Poughkeepsie received fund from the State Gun Involved Violence Elimination Program for the year 2014, and paid its police officers to recover suspected illegal handguns without a warrant, thereby encouraging illegal search and seizure, false arrest and malicious prosecution, notwithstanding the violation of the population of City of Poughkeepsie constitutional rights.

7. Accordingly, this action is brought to remedy a violation of the Fourth Amendment of the United States Constitution, 42 U.S.C. § §§1983 and 1988.

## JURISDICTION AND VENUE

8. This action arises under the Fourth, and Fourteenth Amendments to the United States Constitution 42 U.S.C. §§ 1983 and 1988.

9. This Court has jurisdiction over this matter pursuant to 28 USC §§ 1331, 1343(a)(3) and (4), and 1367(a).

10. Venue is proper in this district pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

11. Frank White is a citizen of United States residing at 445 Main Street, Poughkeepsie, NY 12601. Plaintiff was working full time at Taco Bell at the time of the arrest. Plaintiff was also enrolled at the culinary institute and would have become a chef on December 4, 2014. Plaintiff was convicted of the crime of robbery in 2008, was sentenced to five years with five post release supervision. Plaintiff was on post release supervision at the time of his arrest on August 23, 2014.

12. Defendant, City of Poughkeepsie is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, the City of Poughkeepsie, acting through the City of Poughkeepsie Police Department, was responsible for the policy, practice, supervision, implementation, and conduct of all City of Poughkeepsie Police Department Matters, and was responsible for the appointment, training, supervision, and conduct of all City of Poughkeepsie Police Department Personnel. In addition, at all relevant times, the City of Poughkeepsie was responsible for enforcing the rules of the City of Poughkeepsie Police Department and for ensuring that the City of Poughkeepsie Police Department Personnel obeys the laws of the United States and those of the State of New York.

13. Defendant, Dutchess County is a government subdivision organized and existing under the laws of the State of New York. The Dutchess County District Attorney Office is and acts as policymaker of the County of Dutchess. The Dutchess County District Attorney Office was responsible for the supervision, training of its employees and personnel.

14. Defendant Sean McCarty was a police officer at the City of Poughkeepsie Police Department at the time of the incident and upon information and belief, a citizen of New York. Officer Sean McCarty had an office at 62 Civic Center Plaza, Poughkeepsie, New York 12601.

15. Defendant Bryan Cronk was a police officer at the City of Poughkeepsie Police Department at the time of the incident and upon information and belief, a citizen of New York. Officer Bryan Cronk had an office at 62 Civic Center Plaza, Poughkeepsie, New York 12601.

16. Defendant Van Wagner was a police officer at the City of Poughkeepsie Police Department at the time of the incident and upon information and belief, a citizen of New York. Officer Van Wagner had an office at 62 Civic Center Plaza, Poughkeepsie, New York 12601.

17. Defendant Robert Haberski was a police officer at the City of Poughkeepsie Police Department at the time of the incident and upon information and belief, a citizen of New York. Officer Robert Haberski had an office at 62 Civic Center Plaza, Poughkeepsie, New York 12601.

18. Defendant Matthew Hamel was a police officer at the City of Poughkeepsie Police Department at the time of the incident and upon information and belief, a citizen of New York. Officer Matthew Hamel had an office at 62 Civic Center Plaza, Poughkeepsie, New York 12601.

19. Defendant Lawrence Bartolotti was a police officer at the City of Poughkeepsie Police Department at the time of the incident and upon information and belief, a citizen of New York. Officer Lawrence Bartolotti had an office at 62 Civic Center Plaza, Poughkeepsie, New York 12601.

20. Steve Rosenblum is a parole revocation specialist at the New York State Board of Parole located at 20 Manchester Rd, Poughkeepsie, NY 12601. Upon information and belief, Officer Steve Rosenblum is a citizen of New York. Officer Steve Rosenblum maintained an office at 20 Manchester RD, Poughkeepsie, NY at the time of the incident.

## **FACTUAL ALLEGATIONS**

21. Frank White Jr was born on October 25, 1988. Before his arrest of August 23, 2014, Plaintiff resided at 34 Bement Avenue, Poughkeepsie, New York. In 2008, Plaintiff pleaded guilty to the crime of robbery and was sentenced to 5 five years in jail with five years post release supervision. Plaintiff was released from jail on September 27, 2013.

22. In January 2014, Plaintiff found employment at Taco Bell as a cook and was making $8.00 per hour. Plaintiff was working 40 hours a week. On August 11, 2014, Plaintiff started school at the culinary institute in order to become a chef on December 4, 2014. Plaintiff would have been making $17 per hour as a chef. Plaintiff reduced his hours from 40 to 33 in order to go to school. Plaintiff's girlfriend was pregnant and was due to have their first born in October 2014.

23. Plaintiff does not own a car, and does not operate a car. Plaintiff's uncle Mr. Jack Lee Goodman owns and operates a white Toyota Corolla. On August 23, 2014, Plaintiff was going to work, and was riding as a front seat passenger in his uncle's car, who was giving Plaintiff a ride to work.

24. On or about August 2014, Officer Haberski, provided information to the Poughkeepsie Police Department that he had reliable and verified information that Plaintiff was known to operate a white Toyota Corolla bearing NY registration GMA4056, and that Plaintiff was dealing heroin and was in possession of a black semi-automatic handgun. Officer Haberski provided information upon which Plaintiff was illegal seized, searched, falsely arrested, and maliciously prosecuted. Based upon information provided by Officer Haberski, the Poughkeepsie Police Department sent several of its officers for the arrest of Plaintiff without a warrant.

25. The car in which Plaintiff was riding as a front passenger, was pulled over by the City of Poughkeepsie Police Department officers who were on patrol paid by the State Gun Involved Violence Elimination Program. The car was pulled over by several marked and unmarked police cars to wit : a white sport utility vehicle (SUV), and a gold Pontiac were unmarked and one marked police car. The officers in the SUV are unidentified Officer McCarthy and Officer Cronk were the occupants of the gold unmarked Pontiac.

26. The driver was asked to step out of the vehicle. Officer McCarthy asked permission to search the car and the driver refused and denied permission to the officer.

27. In the meantime, Officer Cronk approached the passenger side, and asked for Plaintiff's name, and walked back to the unmarked gold Pontiac. Officer Cronk returned a few seconds later and asked Plaintiff to step out of the vehicle. Plaintiff asked Officer Cronk the reason why he would step out of the vehicle. Officer Cronk drew his weapon and ordered Plaintiff to step out of the vehicle. Plaintiff asked the officer to wait for him to put on his sneakers, which the officer did not mind for. Plaintiff got down, put his sneakers on, and stepped out of the vehicle.

28. Officer Cronk handcuffed Plaintiff, and put Plaintiff in the back of the marked police car on the scene. Officer Cronk then took the keys out of the ignition of the car, and opened the trunk of the car. Officer Cronk pulled a gun out of the trunk of vehicle. The driver and Plaintiff were then arrested and charged with the crime of weapon possession, and Plaintiff was also charged with possession of a controlled substance. The car was towed to the police station for further search. The marked police car, driven, upon information and belief by Officer Hamel and Officer Van Wagner took Plaintiff to the police station. At Poughkeepsie Police Station, upon information and belief,

7

Plaintiff was taken out of the police car by Officer Hamel and Van Wagner, who put Plaintiff in a cell at the said station. Officer Van Wagner and Hamel came at the scene before Plaintiff's arrest, and secured Plaintiff's arrest by driving him to the police station, taking Plaintiff out of the car, and putting Plaintiff in a cell.

29. Plaintiff was read his Miranda rights by Officer Bartolotti who ,upon information and belief, booked and officially put Plaintiff under arrest, and investigated and interrogated Plaintiff about the incident. Officer Bartolotti was not satisfied by Plaintiff's answers to his questions, and decided to proceed with Plaintiff's arrest and prosecution.

30. Officer Cronk tested a portion of the drugs allegedly seized on Plaintiff,and established a laboratory report himself. Upon information and belief, Officer Thomas Matthews validated a contradictory laboratory report by signing it, and transmitted the report to the district attorney for Plaintiff's prosecution. Officer Thomas Matthews participated in Plaintiff's arrest by validating a report upon which Plaintiff's was arrested and charged.

31. On August 24, 2014, after consulting with the District Attorney Office, and Assistant District Attorney Anthony Perosi, Plaintiff was charged and arraigned in the City of Poughkeepsie Court presided by Honorable Katherine Moloney on the felony charges of Criminal Possession of weapon in the Second Degree, class C Felony under New York Penal Law (NYPL) 265.03; Criminal Possession of a weapon in the Fourth Degree, a class D Felony under NYPL 265.02.

32. Plaintiff was also arraigned on the charge of Criminal Possession of a controlled substance in the third degree in violation of NYPL 220.16(1), a class B Felony. The Court set a bail of $15,000.00 cash or $30,000.00 bond. The Poughkeepsie Journal published the story and stated that Plaintiff's stop was paid by the State Gun Involved Violence Elimination Program for which Dutchess County received $342, 512.

33. On August 25, 2014, Assistant District Attorney, Matthew Weishaupt sent a notice pursuant to Section 190.50 (5)(a), wherein he stated that the felony complaints would be presented to a Grand Jury.

34. Plaintiff was assigned an attorney from the Ulster County Public Defender Office, Mikael Cohn, Esq.

35. The District Attorney Office provided 179 pages of discovery to Plaintiff upon Plaintiff's request, and not a single picture of the drugs allegedly seized on Plaintiff was included. A camera was available and a picture of a gun and ammunitions allegedly discovered in the trunk of the car was produced in criminal court.

36. On October 01, 2014, because the People declined to indict, although the People had police officers as witnesses. Plaintiff requested a preliminary hearing. The Court scheduled the Preliminary Hearing for October 7, 2014 at 11:00 AM. On October 7, 2014, the People once again, declined to go forward with the preliminary hearing, and Plaintiff was released on his own recognizance with recommendation that Plaintiff not leave the State of New York, and that Plaintiff be present for the future proceedings in the matter. However, because Plaintiff was on parole hold triggered by the felony charges, Plaintiff remained in custody.

37. On March 17, 2015, the People reduced the felony charges to criminal possession of a weapon in the Fourth Degree under NYPL 265.01 and Criminal Possession of a controlled substance in the Seventh Degree in violation of NYPL 220.03, all misdemeanor charges. Plaintiff was arraigned on the misdemeanor charges. Further, the People made an offer of a plea to Criminal Possession of Controlled Substance in the Seventh Degree in full satisfaction with time served. Plaintiff declined the offer and insisted on going to trial. The Court adjourned the matter to April 14 for motions.

38. Because the People knew that the grand jury would ask to see the drugs allegedly seized or a picture thereof, the People upon information and belief, decided to reduce the charges and force Plaintiff to take a plea, thereby circumventing the grand jury scrutiny. Further, the People knew that a preliminary hearing would have them show pictures of the drugs and show probable cause before the judge ; and therefore they declined to proceed with the probable cause hearing.

39. On March 23, 2015, Plaintiff hired the Law Firm of Ryanne Konan to represent Plaintiff before the City Court of Poughkeepsie, Criminal Part.

40. On April 14, 2015, Plaintiff, through his new attorney, filed new discovery demand, demand of bills of particulars, as well as an omnibus motion seeking to dismiss all charges for lack of probable cause. Plaintiff's attorney insisted on the record that he wanted to see the laboratory reports for the drugs, the pictures of the drugs seized on Plaintiff because a camera was available at the time of the arrest. Honorable Maloney adjourned the matter to April 29, 2015, in order for the People to answer Plaintiff's new discovery demand and motions.

41. Plaintiff, in his omnibus motion, did not request a dismissal in interest of justice, nor did Plaintiff request a dismissal out of mercy.

42. On April 29, 2015, Plaintiff appeared before honorable Moloney. The people offered to dismiss the matter in the interest of justice. The Court dismissed the matter in the interest of justice upon request of the people. Claimant remained in custody because of the parole hold.

43. Plaintiff's attorney advised the Court that the people must preserved the evidence seized on Plaintiff because the People have not produced a single picture of the drugs seized on Plaintiff. Plaintiff's attorney further stated on the record that Plaintiff did not possess any drugs. People failed to produce