a single picture of the drugs allegedly seized on Plaintiff although such request was made in criminal court and although Plaintiff was being prosecuted for felony drug possession.

44. On May 7, 2015, a parole hearing was held before Honorable Elliot McIntosh, Administrative Judge. Upon information and belief, Mr. Steve Rosenblum stated before Hon. Elliot McIntosh, that Assistant District Attorney Antoni Perosi had informed him that the search was a bad search, that the District Attorney lacked evidence to prove the guilt of Plaintiff in criminal court.

45. On May 21, 2015, Plaintiff was finally released from jail after the parole office decided that there was lack of evidence to prove Plaintiff's guilt.

46. Officer Steve Rosenblum imposed added new conditions and modifications on Plaintiff's parole conditions although the charges were dismissed against Plaintiff.

47. Officer Steve Rosenblum was personally involved in Plaintiff's parole violation and revocation proceedings.

48. Officer Steve Rosenblum reduced Plaintiff's curfew, rendered Plaintiff's visit to parole weekly, and made Plaintiff go through a drug program that Plaintiff had already completed.

49. Before Plaintiff's arrest of August 23, 2014, the Poughkeepsie Police Department had already pulled Plaintiff's records on August 22, 2014 at 7:42:01 PM.

50. The veracity and reliability of the information and the informant received by the officers from Officer Haberski could have been verified but were never verified.

51. The arrest report further reveals that on August 23, 2014, Plaintiff was not operating the white Toyota Corolla but rather Mr. John Goodman was the owner and the driver of the white Toyota Corolla. Information that could have been verified by the police.

52. The arrest report additionally reveals that the driver refused permission to search the car when the police officers asked permission to search the car.

53. Because the police did not have probable cause to search the vehicle, the police officers at the scene, Officers Sean McCarthy and Cronk started to fabricate and create reason to search Plaintiff and the vehicle.

54. The arrest report reveals that Officer Cronk stated that he saw a fairly large bulge in Plaintiff's front pocket that he believed could be a gun. Yet the same officer allowed Plaintiff to bend down and put his sneakers on. An officer who suspects someone to possess a gun, yet allows such person to bend down to put his sneakers on in a car without being afraid of being shot.

55. The arrest report further reveals that officer Cronk pretexting of white "crumbs" of an unknown substance on the passenger side floor, searched the car based upon finding white "crumbs," which gave the officer probable cause to search the car; however, the same arrest report states that the white "crumbs" of unknown substance turned out to be pieces of Styrofoam. Officer Cronk obviously failed to distinguish a substance from pieces of Styrofoam.

56. In addition, the arrest report reveals that officer Cronk , who stated that he could see a fairly large bulge in Plaintiff's front pocket that resembled a gun, asked Plaintiff if Plaintiff had any drugs but never asked Plaintiff about any possession of gun.

12


57. In the arrest report, officer Cronk created words for Plaintiff, stating that Plaintiff invited the officer to check his front pocket.

58. The arrest report states that a white latex glove containing both a piece of clear plastic containing fifty glassine envelopes in five bundles and a separate bundle of ten glassine envelopes, all of these envelopes contained an off white powder were found on Plaintiff's front pocket. Also was found on Plaintiff, a piece of clear plastic containing two pieces of a white chunky substance as well as thirty four dollars and fifty cents. No pictures of the drug and the gun were taken at the scene, which is contrary to the City of Poughkeepsie Police Department Policy.

59. The arrest report reveals that no contraband was found inside the car, still the officers searched the trunk of the car at the scene, and allegedly found a hand gun that was in a black bag, which black bag was in a red bag, which red bag was in the trunk. A picture of gun was taken, but mysteriously, the alleged drugs found on Plaintiff were never taken pictures of, which contradicts the City of Poughkeepsie Police Department Policy. In *People v. Raymond Sharp*, Indictment #34-2014, officer Haberski had the drugs found in the car taken picture of, at the scene, and the pictures taken were produced by the People during discovery. In *People v. Rakish Salmon*, Docket# 15-688818, drugs were discovered at 15 Thompson Street, Poughkeepsie, New York. Pictures of the drugs discovered and seized by the officers, including officer Haberski, were produced during the preliminary hearing presided by Honorable Mora.

60. In the arrest report, it is officer Cronk who discovered the drugs on Plaintiff, he was the officer who took pictures of the handgun found in the trunk of the car. The arrest report is completely silent on photographing the drugs that officer Cronk had discovered on Plaintiff and had tested.

61. On or about September 2015, the Police Department sent some pictures of drugs dated September 11, 2015, however, Plaintiff denied that he was the owner of those drugs depicted in the pictures that were post dated. The Poughkeepsie Police Department has not produced any evidence that connects Plaintiff to those alleged photographs taken more than a year later after the incident.

62. All Poughkeepsie Police Department Cars, upon information and belief, are equipped with a dashboard video, and the Police Department has not produced the dashboard video to contradict Plaintiff's allegations that he was never search at the scene, that the officer drew his gun on him and put in in the marked police car. In addition, Plaintiff states that he was searched at the police station.

63. The arrest report states that Officer Cronk tested a portion of the off white powder contained in one of the glassine envelopes and tested positive for the presence of heroin. Additionally, a portion of the white chunky substance contained in the plastic tested positive for the presence of cocaine.

64. The laboratory report, made by officer Cronk himself and sent to officer Thomas Matthews, states that all drugs found on Plaintiff tested positive for the presence of cocaine. The laboratory report does not mention the presence of heroin in a portion of the off white powder.

65. The Court dismissed the matter in the interest of justice upon request of the people on April 29, 2015. Plaintiff's remained in custody because of the parole hold.

66. On May 21, 2015, the New York Department of Corrections and Community Supervision dismissed all charges against Plaintiff for lack of evidence. Despite the fact that the criminal charges were dismissed on April 29, 2015, Plaintiff's Parole Officer, Steve Rosenblum maintained Plaintiff under custody until May 21, 2015, and imposed harsh conditions on Plaintiff's supervision thereafter.

67. On August 25, 2014, the Poughkeepsie Journal published an article with Plaintiff's picture, stating that the police department informed that Plaintiff was arrested for possession of heroin and gun and held up at city lockup before being arraigned. The Dutchess County District Attorney Office informed that Plaintiff was facing drug charge for alleged heroin possession. The article is accessible through internet search by using Plaintiff's name. Plaintiff lost his employment after his release, and has been unable to find employment. Plaintiff further lost his financial aid because of this incident, and has been unable to find any aid.

68. As a direct and proximate result of Defendants' defamation of Plaintiff, unreasonable search and seizure, false arrest, malicious prosecution, falsification of evidence and conspiracy , Plaintiff has suffered physical and reputational injury, deprivation of liberty, loss of wages, loss of job opportunity, loss of career, attorney's fees, and severe emotional harm.

69. Plaintiff, Frank White filed a sworn notice of claim on or about June 8, 2015, within 90 days after the claims alleged herein arose. The notice was served on Defendants by hands on or about June 8, 2015.

70. Defendant, City of Poughkeepsie scheduled a 50-h examination on August 26, 2015.

71. At least 30 days has elapsed since Mr. Frank White served his notice of claim, and adjustment or payment of the claim has been neglected or refused.

72. That this action was commenced within 1 year and 90 days of the date Defendants were served with the notice of claim, which is June 8, 2015.

15

## **FOR THE FIRST CAUSE OF ACTION BASED FALSE ARREST**
42 U.S.C. § 1983
(Against City of Poughkeepsie, Police Officers Bryan Cronk, Sean McCarthy, Van Wagner, Hamel, Haberski, Bartolotti, Thomas Matthew)

73. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1-72 of this Complaint with the same force and effect as if fully set forth herein.

74. By its acts and practices described above, Defendants, City of Poughkeepsie, Police Officers Bryan Cronk, Sean McCarthy, Van Wgner, Hamel, Bartolotti, Thomas Matthew, deprived Plaintiff of the rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, without limitation, rights guaranteed by the Fourth, and Fourteenth Amendments to the United States Constitution, by, *inter alia* : false arrest thereby causing serious harm to Plaintiff's reputation and emotion, humiliation, deprivation of liberty, loss of opportunity of employment, career, and education opportunity, loss of wage, and legal expenses.

75. That all times herein after mentioned, Defendants wrongfully and intentionally detained and falsely arrested Plaintiff at the City of Poughkeepsie Police Station, and later in Dutchess County Jail.

76. That Police Officers Bryan Cronk, Sean McCarthy, Van Wagner, Hamel, Bartolotti, arrested Plaintiff and placed Plaintiff under arrest.

77. That Plaintiff was falsely arrested and charged with felony charges of Criminal Possession of weapon in the Second Degree, class C Felony under New York Penal Law (NYPL) 265.03; Criminal Possession of a weapon in the Fourth Degree, a class D Felony under NYPL 265.02.

16

78. That the people failed to indict on the felony charges for lack of probable cause.

79. That on March 17, 2015, the People reduced the felony charges to criminal possession of a weapon in the Fourth Degree under NYPL 265.01 and Criminal Possession of a controlled substance in the Seventh Degree in violation of NYPL 220.03, all misdemeanor charges.

80. That Plaintiff was conscious of the confinement, and Plaintiff did not consent to the confinement. Plaintiff stated that he was innocent and should not be arrested. Plaintiff further stated that he did not possess any handgun, nor did he possess any drugs at the time of the arrest.

81. That the confinement was not otherwise privilege.

82. That Plaintiff was arrested without a warrant and that the officers had plenty of time to secure a warrant after receiving information that Plaintiff allegedly possessed a handgun and was dealing drugs.

83. That the officers acted extra judicially.

84. That the officers never verified the veracity and reliability of the information and that of the informant.

85. That Plaintiff's arrest was unlawful.

86. The wrongful, unjustifiable, and unlawful apprehension, detention, imprisonment of Plaintiff was carried out without a warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion that Plaintiff had or was about to commit the crime of criminal possession and criminal sale of a controlled substance, in violation of the rights guaranteed to Plaintiff under the Fourth Amendment of the United States Constitution.

87. The Officer Defendants' actions were without authority of law and were an abuse of the Officer Defendants , and the Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his rights under the Fourth Amendments of the United States Constitution as made actionable by 42 U.S.C. § 1983.

88. Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard for Plaintiff's rights, privileges, welfare, and well-being, and are liable of egregious and gross misconduct towards Plaintiff.

89. In taking the actions complained of in the foregoing paragraphs, the Officer Defendants acted under pretense and color of state law, in their individual and official capacities, and within the scope of their respective employments as City of Poughkeepsie Police Department Officers.

90. As a direct and proximate result of Defendants' false arrest, Plaintiff has suffered physical and reputational injury, loss of wages, loss of job opportunity, loss of education opportunity, loss of career opportunity, attorney's fees, severe emotional harm.

91. As a direct and proximate result of the misconduct detailed above, Plaintiff sustained the damages alleged in this Complaint.

## FOR THE SECOND CAUSE OF ACTION BASED MALICIOUS PROSECUTION

42 U.S.C. § 1983

(Against City of Poughkeepsie, Police Officers Bryan Cronk, Sean McCarthy, Van Wagner, Hamel, Bartolotti, Haberski,Thomas Matthew, John Doe and Jane Doe, Parole Revocation Specialist Officer Steve Rosenblum)

92. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 73-91 of this Complaint with the same force and effect as if fully set forth herein.

93. By its acts and practices described above, Defendants, City of Poughkeepsie, Police Officers Bryan Cronk, Sean McCarthy, Van Wgner, Haberski, Hamel, Bartolotti, Thomas Matthew, John Doe and Jane Doe, Parole Officer Steve Rosenblum deprived Plaintiff of the rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, without limitation, rights guaranteed by the Fourth, and Fourteenth Amendments to the United States Constitution, by, *inter alia* : malicious prosecution, thereby causing Plaintiff serious emotional harm, humiliation, deprivation of liberty, loss of opportunity of employment, career, and education opportunity, loss of wage, and legal expenses.

94. That Plaintiff was wrongfully and intentionally and maliciously prosecuted in the City of Poughkeepsie Criminal Court before Honorable Katherine Moloney.

95. That the charges against Plaintiff were baseless, and the information was without probable cause.

96. That Plaintiff was arraigned in the City of Poughkeepsie Local Criminal Court on August 24, 2014.

97. That Plaintiff's prosecution was commenced on August 24, 2014.

98. That Plaintiff submitted a motion to dismiss for lack of probable cause.

99. That Plaintiff did not request a dismissal in the interest of justice in his omnibus motion.

100. That Plaintiff requested through discovery, the pictures of the evidence allegedly seized on him.

101. That the criminal proceeding continued on April 29, 2015, when the Poughkeepsie Criminal Court dismissed all charges against Plaintiff in the interest of justice upon request of the People.

102. That the criminal proceeding continued until May 21, 2015, when the Parole Board finally dismissed all charges against Plaintiff.

103. That the criminal proceeding against Plaintiff terminated in a manner that the proceeding cannot be brought again.

104. That the criminal proceeding terminated in favor of Plaintiff.

105. That the arrest of August 23, 2014 was not based on probable cause.

106. Police officer Sean McCarty and Bryan Cronk had no probable cause to pull over the car in which Plaintiff was riding as a passenger. Even assuming that the officers had probable cause to pull the car over, the officers did not have probable cause to search the car, nor did the officers have probable cause to search Plaintiff, who was a mere passenger in the car.

107. That contrary to the information in possession of the officers, Plaintiff did not own a white Toyota Corolla, nor was Plaintiff, a driver of a white Toyota Corolla.

108. That Plaintiff was arraigned on three felony charges.