109. That Dutchess County District Attorney Office, through assistant District Attorney, Matthew Weishaupt, sent a notice for grand jury presentation.

110. That Plaintiff was never indicted before the grand jury.

111. That Plaintiff was not in possession of any drugs.

112. That the officers acted with malice and in bad faith.

113. That Police Officers Sean McCarthy, Bryan Cronk, Van Wagner, Hamel, Bartolotti, Thomas Matthews, Haberski, provided affidavits, reports, information that supported Plaintiff's malicious prosecution.

114. That the officers created, fabricated reasons and motivations to search the car and Plaintiff.

115. That Officer Steve Rosenblum acted in bad faith and with malice in providing information that led to a warrant to revoke Plaintiff's parole.

116. That the parole revocation proceedings continued even after April 29, 2015, after the criminal proceedings had been dismissed.

117. That Officer Rosenblum knew and was informed that the search was without probable cause, and was aware of the lack of evidence.

118. That after the dismissal of parole revocation proceedings on May 21, 2015, Officer Steve Rosenblum imposed harsh limitations on Plaintiff's parole conditions.

119. Officer Steve Rosenblum imposed, added new conditions and modifications on Plaintiff's parole conditions although the charges were dismissed against Plaintiff.

120. Officer Steve Rosenblum was personally involved in Plaintiff's parole violation and revocation proceedings.

121. Officer Steve Rosenblum reduced Plaintiff's curfew, rendered Plaintiff's visit to parole weekly, and made Plaintiff go through a drug program that Plaintiff had already completed.

122. That Defendants prosecuted Plaintiff without probable cause.

123. That during the criminal proceedings, Defendants failed to produce a single picture of alleged drugs seized on Plaintiffs although such disclosure was requested in Plaintiff's discovery demand.

124. That by asserting that drugs were found in possession of Plaintiff, by not verifying the veracity and reliability of the information received, and by inventing reasons to search the car in which Plaintiff was a passenger, Defendants' acts were grossly negligent, and egregiously deviated from proper investigative procedures.

125. That the initiation and continuation of prosecution proceedings against Plaintiff were malicious.

126. That the officers are not entitled to qualify immunity.

127. That the Officer Defendants deprived Plaintiff of the constitutional rights secured by the Fourth and 42 U.S.C. § 1983, and took numerous overt steps in furtherance of such deprivation by maliciously prosecuting Plaintiff without probable cause.

128. In taking the actions complained of in the foregoing paragraphs, the Officer Defendants acted under pretense and color of state law, in their individual and official capacities, and within the scope of their respective employments as City of Poughkeepsie Police Department Officers and as Officer of the New York State Department of Corrections and Community Supervision.

129. The Officer Defendants' actions were without authority of law and were an abuse of the Officer Defendants, and the Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his rights under the Fourth Amendments of the United States Constitution as made actionable by 42 U.S.C. § 1983.

130. Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard for Plaintiff's rights, privileges, welfare, and well-being, and are liable of egregious and gross misconduct towards Plaintiff.

131. As a direct and proximate result of Defendants' false arrest, and malicious prosecution, Plaintiff has suffered physical and reputational injury, loss of wages, loss of job opportunity, loss of education opportunity, loss of career opportunity, attorney's fees, severe emotional harm.

132. As a direct and proximate result of the misconduct detailed above, Plaintiff sustained the damages alleged in this Complaint.

### FOR THE THIRD CAUSE OF ACTION BASED UNREASONABLE SEARCH AND SEIZURE
42 U.S.C. § 1983
(Against City of Poughkeepsie, Police Officers Bryan Cronk, Sean McCarthy, Van Wagner, Hamel, Bartolotti, Thomas Matthew, John Doe and Jane Doe)

133. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 92-132 of this Complaint with the same force and effect as if fully set forth herein.

134. By its acts and practices described above, Defendants, City of Poughkeepsie, Police Officers Bryan Cronk, Sean McCarthy, Van Wgner, Hamel John Doe and Jane Doe, deprived Plaintiff of

the rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, without limitation, rights guaranteed by the Fourth, and Fourteenth Amendments to the United States Constitution, by, *inter alia* : unreasonable search and seizure, thereby causing Plaintiff serious emotional harm, humiliation, deprivation of liberty, loss of opportunity of employment, career, and education opportunity, loss of wage, and legal expenses.

135. That Plaintiff was merely a passenger in the car white Toyota Corolla driven by his uncle Goodman.

136. That the officers, after information provided by Officer Haberski, were coming to arrest Plaintiff.

137. That Plaintiff was seized when the car in which Plaintiff was riding as passenger was pulled over.

138. That the officers did not have probable cause to pull the car over.

139. That the officers exercised control over Plaintiff.

140. That at all times, Plaintiff was not free to leave.

141. That Plaintiff was seized within the meaning of the Fourth Amendment of the Constitution of the United States.

142. That Plaintiff was searched at the Poughkeepsie Police Department by upon information and belief, by Officer Hamel and Officer Van Wagner.

143. That the officers are not entitled to qualify immunity.

144. That the Officer Defendants deprived Plaintiff of the constitutional rights secured by the Fourth Amendment made actionable under 42 U.S.C. § 1983, and took numerous overt steps in furtherance of such deprivation by unreasonably seizing and searching Plaintiff without probable cause.

145. In taking the actions complained of in the foregoing paragraphs, the Officer Defendants acted under pretense and color of state law, in their individual and official capacities, and within the scope of their respective employments as City of Poughkeepsie Police Department Officers.

146. The Officer Defendants' actions were without authority of law and were an abuse of the Officer Defendants, and the Officer Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his rights under the Fourth Amendments of the United States Constitution as made actionable by 42 U.S.C. § 1983.

147. Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard for Plaintiff's rights, privileges, welfare, and well-being, and are liable of egregious and gross misconduct towards Plaintiff.

148. As a direct and proximate result of the unreasonable seizure, Plaintiff has suffered physical and reputational injury, loss of wages, loss of job opportunity, loss of education opportunity, loss of career opportunity, attorney's fees, severe emotional harm.

149. As a direct and proximate result of the misconduct detailed above, Plaintiff sustained the damages alleged in this Complaint.

## FOR THE FOURTH CAUSE OF ACTION BASED ON MONELL
42 U.S.C. § 1983
(Against Defendants Dutchess County and City of Poughkeepsie)

150. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 133-149 of this Complaint with the same force and effect as if fully set forth herein.

151. That upon information and belief, and according to the Poughkeepsie City Journal, Dutchess County had received $342, 512 from the State Gun Involved Violence Elimination, through which the Poughkeepsie City Police had recovered 31 illegal handguns in the year of 2014.

152. That the City of Poughkeepsie had implemented a policy and custom to recover suspected illegal handgun without a warrant in violation of the population of Poughkeepsie constitutional rights.

153. That the City of Poughkeepsie paid the officers out of the program funds to recover suspected illegal gun throughout warrantless search and seizure, and did not care whether such recovery was made in consideration of the constitutional rights of its citizens.

154. That the City of Poughkeepsie encouraged the police officers to make the unlawful search and seizure, false arrest, and malicious prosecution by implementing the program.

155. The policy derived from the State Gun Involved Violence Elimination from which the City of Poughkeepsie received fund, and its implementation despite the violation of the rights of citizens, and that of Plaintiff, was the actual and proximate cause of Plaintiff's injuries.

156. That upon information and belief, concerning the 31 guns recovered throughout the program, a substantial number was recovered without warrant and in violation of the United States Constitution.

157. That substantial number of the guns recovered, upon information and belief, did not lead to criminal charges, or led to criminal charges that were later dismissed or abandoned.

158. That the City of Poughkeepsie paid police officers throughout the fund to recover guns, and did not ask whether or not the rights of the citizens were protected in recovery of the guns.

159. That substantial number out of the 31 guns recovers at the time of the event, was recovered without warrant, and in violation of the citizens' constitutional rights.

160. That Plaintiff's unreasonable seizure, false arrest and malicious prosecution were paid through the fund.

161. That the County of Dutchess acted improperly in violating Plaintiff's constitutional rights.

162. That upon information and belief, and according to the Poughkeepsie City Journal, Dutchess County had received $342, 512 from State Gun Involved Violence Elimination Program for the year 2014.

163. In implementing the program, the Dutchess County District Attorney established a policy and custom to wit, recovery of suspected illegal gun without first obtaining a warrant in violation of the Population of Dutchess County Constitutional Rights, including that of Plaintiff.

164. The policy and custom derived from State Gun Involved Violence Elimination Program, through which Dutchess County received considerable fund, was the actual and proximate cause of Plaintiff's injuries.

165. That the policy and custom did not care whether or not the gun was recovered legally or illegally. The City of Poughkeepsie alone, recovered 31 illegal guns through the program before Plaintiff's arrest of August 23, 2014.

166. That upon information and belief, a considerable number of the guns recovered was done through warrantless search, and prosecuted without probable cause.

167. That substantial number out of the 31 guns recovers at the time of the event, was recovered without warrant, and in violation of the citizens' constitutional rights.

168. That the County of Dutchess District Attorney office encouraged prosecutors to maliciously prosecute handguns seized as a result of unlawful search and seizure, false arrest.

169. That a considerable number of 31 guns recovered did not lead to criminal charges or the charges were later dropped or abandoned by the District Attorney Office.

170. That the County of Dutchess paid police officers throughout the fund to recover guns, and did not ask whether or not the rights of the citizens were protected in recovery of the guns.

171. That Plaintiff's unreasonable seizure, false arrest and malicious prosecution were paid through the fund.

172. As a direct and proximate result of the misconduct detailed above, Plaintiff sustained the damages alleged in this Complaint.

## **FOR THE FIFTH CAUSE OF ACTION BASED ON FALSIFICATION OF EVIDENCE**
Falsification of Evidence
(Against Officer Sean McCarthy, Officer Bryan Cronk, Officer Van Wagner, Officer Robert Haberski, Officer Matthew Hamel, Officer Lawrence Bartolotti and Officer Thomas Matthew)

173. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 150-172 of this Complaint with the same force and effect as if fully set forth herein.

174. That Officer Sean McCarthy, Officer Bryan Cronk, Officer Van Wagner, Officer Robert Haberski, Officer Matthew Hamel, Officer Lawrence Bartolotti utilized misconduct in order to procure false evidence.

175. That Plaintiff was not an owner, nor an operator of a white Toyota Corolla. Plaintiff was not in possession of any gun, and Plaintiff did not have any drugs as the dashboard camera will show. Officer Haberski did not verify the reliability and veracity of the information that he allegedly received and relayed to the the police department.

176. That officer Sean McCarthy and Officer Bryan Cronk did not have probable cause to pull the car over.

177. That Plaintiff was a mere passenger in front seat of car, and was going to work.

178. That the driver and owner of the car refused to give permission and to consent to the officers to search his vehicle.

179. That after the driver's refusal to give permission, officer McCarthy and Officer Cronk started to invent and create reasons to search the vehicle.

29

180. That officer Van Wagner and Officer Hamel were also present at the scene as back up and arrived at the scene before Plaintiff's arrest

181. That Officer Cronk stated that he could see a fairly large bulge in Plaintiff's right front pocket that resembled a gun. It was not true because Plaintiff was not in possession of a gun.

182. That Officers imagined another reason to search the car to wit : a number of white "crumbs" of unknown substance on the passenger side floor, which turned out to be broken up pieces of Styrofoam.

183. That to justify his search of Plaintiff, officer Cronk put words in Plaintiff's mouth to wit : "I have been using, check my pocket."

184. That officer Cronk stated that he found a white latex glove containing both a piece of clear plastic containing fifty glassine envelopes in five bundles and a separate bundle of ten glassines, all the envelopes contained an off white powder that tested positive for the presence of heroin. The officer stated further that he found a piece of plastic containing two pieces of a white chunky substance that tested positive for the presence of heroin; however the laboratory report established by officer Cronk himself, and sent to Officer Thomas Matthews and to the district attorney office, and produced during discovery in criminal court, states that all drugs recovered on Plaintiff tested positive for the presence of cocaine.

185. That officer Cronk went into the car , removed the key out of ignition and opened the trunk at the scene. Officer Cronk went into the trunk and pulled a gun out of the trunk of the car.