186.    That Plaintiff was not in physical possession of a gun, nor was the gun in area where Plaintiff exercised dominion and control.

187.    That upon information and belief, all Poughkeepsie Police Cars are equipped with a dashboard camera.

188.    That the dashboard video will verify Plaintiff's allegations.

189.    Officer Sean McCarthy, Bryan Cronk, Matthew Hamel, and Van Wagner arrested Plaintiff and charged Plaintiff with felony possession of gun and controlled substance with intent to sell.

190.    That affidavits and arrest report, and laboratory report submitted by Officer Sean McCarthy and Bryan Cronk are contradictory.

191.    That the picture of the clip of the gun allegedly seized in the trunk of car and produced by the People during discovery in criminal court is dated August 22, 2014 when Plaintiff was arrested on August 23, 2014, and the gun seized on August 23, 2014.

192.    That while Officer Cronk had a good camera and took a nice picture of the gun and all evidence recovered in the trunk of the car, he did not take picture of the drugs that himself recovered the same day.

193.    Although Plaintiff was charged with felony possession of controlled substance, no pictures were produced for discovery in contrary to *Brady*.

194.    That Plaintiff was never in possession of any drugs and no picture existed because there were never any drugs.

195.    That the officers falsified a laboratory report, and falsely alleged that Plaintiff was in possession

of drugs just to justify reliability of the information that they received from Officer Robert Haberski.

196.    That Plaintiff was never indicted although a grand jury notice was sent by the Dutchess County

District Attorney Office.

197.    That the charges were dismissed by the People when Plaintiff submitted a discovery demand

requesting pictures said drugs and when Plaintiff submitted an omnibus motion requesting dismissal

based upon lack of probable cause.

198.    That Plaintiff suffered a deprivation of liberty as a result of the falsified evidence by the officers.

199.    That the officers knew and had reason to know that by falsifying evidence against Plaintiff,

Plaintiff would be arrested and jailed for a long time. That the officers offered the falsified evidence

to be produced in criminal court.

200.    That the officers also knew that Plaintiff was on parole, and that his arrest would trigger a parole

violation causing Plaintiff to be deprived of his liberty for a long period.

## FOR THE SIXTH CAUSE OF ACTION BASED ON CONSPIRACY

(Against Officer Sean McCarthy, Officer Bryan Cronk, Officer Van Wagner, Officer Robert Haberski, Officer Matthew Hamel, Officer Lawrence Bartolotti , Officer Thomas Matthew, and Parole Revocation Officer Steve Rosenblum)

201.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 173-200 of this Complaint with the same force and effect as if fully set forth herein.

202.    That Officer Sean McCarthy, Officer Bryan Cronk, Officer Van Wagner, Officer Robert Haberski, Officer Matthew Hamel, Officer Lawrence Bartolotti , Officer Thomas Matthew, and Parole Revocation Officer Steve Rosenblum, and ADA Antoni Perosi from the Dutchess County District Attorney Office acted together to deprive Plaintiff of his fourth amendment constitutional rights by arresting and prosecuting Plaintiff although they knew of the lack of probable cause.

203.    That assistant district attorney Anthony Perosi has absolute immunity.

204.    That the police officers knew that Plaintiff did not possess any drugs. The police officers further knew that they did not have probable cause to search Plaintiff, to pull the car over and to search the car.

205.    In addition, the gun was recovered in the trunk of car. The gun was in a black bag. The black bag was in a red bag. And the red bag was in the trunk. Plaintiff was in the front passenger seat, and was not in physical possession of the gun, nor was the gun in area where Plaintiff exercised dominion and control. The owner of the car refused to give consent to the search.

33

206.    Although a camera was available in the hands of the officer who discovered the drugs and the gun, no pictures of drugs were ever produced during discovery.

207.    The district attorney served 179 pages of discovery to Plaintiff, among which the drugs' pictures were missing.

208.    The district attorney office knew all of the above facts. The district attorney knew that pictures of the alleged seized evidence had to be taken and produced during discovery in criminal court and before the grand jury.

209.    The district attorney office knew that the picture of the gun clip was dated August 22, 2014.

210.    The district attorney knew that a camera was available and had received picture of the gun, but remained silent on the pictures of the drugs that were not included.

211.    The district attorney office knew that search of the car and the search of Plaintiff was without probable cause.

212.    The district attorney office knew that the laboratory report was contradictory to the officers' affidavits.

213.    The district attorney knew that defense counsel would ask to see the drugs allegedly recovered.

214.    The district attorney knew that it had to disclose exculpatory and inculpatory evidence.

215.    The district attorney could easily ask the officer why pictures of the drugs were not included, or could have ask the officer to take a picture of the drugs in his custody, and provide it to the district attorney office for defense counsel.

216.    The district attorney did not ask or question why there was a picture of the gun and not that of

the drugs.

217.    The district attorney knew that no drugs were ever recovered from Plaintiff.

218.    Officer Steve Rosenblum also knew all of the facts stated above, and upon information and

belief, had been informed by the district attorney of all of the above facts.

219.    That all the above facts constitute an over act and meeting of minds.

220.    Upon information and believe, Officer Steve Rosenblum stated during Plaintiff's parole

revocation hearing that ADA Anthony Perosi had informed him that the search was without probable

cause.

221.    That all the above mentioned facts reveal that Defendants entered into a tacit agreement to

achieve an unlawful end to wit: deprive Plaintiff of his constitutional rights.

222.    That although the charges were dismissed against Plaintiff on April 29, 2015, Officer Steve

Rosenblum maintained parole revocation proceeding against Plaintiffs until May 21, 2015.

223.    That as a result of the breach of Plaintiff's constitutional rights, Plaintiff has suffered physical

and reputational injury, loss of wages, loss of job opportunity, loss of education opportunity,

attorney's fees, severe emotional harm.

224.    By falsely arresting, by falsifying evidence, by conspiring and maliciously prosecuting Plaintiff,

the Officer Defendants and the District Attorney Office deprived Plaintiff of rights, remedies,

privileges, and immunities guaranteed to every Citizen of the United States under the United State

Constitution.

225. As a direct and proximate result of the misconduct detailed above, Plaintiff sustained the damages

alleged in this Complaint.

## FOR THE SEVENTH CAUSE OF ACTION BASED ON DEFAMATION
(Against the County of Dutchess and the City of Poughkeepsie)

226.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 201-

225 of this Complaint with the same force and effect as if fully set forth herein.

227.    That prior to his arrest of August 23, 2014, Plaintiff had employment, and was on his way to

work when he was unreasonable seized and falsely arrested.

228.    That Plaintiff's arrest, and charges were published in the local newspaper with Plaintiff's picture

within the article.

229.    That the County of Dutchess District Attorney Office, and the Poughkeepsie Police Department

provided information of Plaintiff's arrest and criminal charges to the City of Poughkeepsie Journal.

230.    That the City of Poughkeepsie Police Department is an agency of the City of Poughkeepsie.

231.    That the Dutchess County District Attorney Office is a policy maker for the County of Dutchess.

232.    That the City of Poughkeepsie Police Department and the Dutchess County District Attorney

knew that the information was false, and that the arrest was without probable cause.

233.    That said article is accessible through the internet by simply searching Plaintiff's name.

234.    That Plaintiff had financial aid and was enrolled at the culinary institute.

235.    That although Plaintiff had a prior conviction for armed robbery in 2008, Plaintiff was able to

find employment, and also get financial aid.

236.   That after, his release, Plaintiff contacted his prior employer, and was scheduled to return to

work.

237.   That the employer declined to rehire Plaintiff.

238.   That Plaintiff has applied for several position, and has actively search for employment.

239.   That the article has left a stigma on Plaintiff's reputation thereby preventing Plaintiff from

getting future employment and financial aid for school or professional training.

240.   That since the publication of the article, Plaintiff has been unable to find employment.

241.   That Defendants violated Plaintiff's Fourteenth Amendment Right under United States

Constitution.

242.   By Defaming Plaintiff, the County of Dutchess and the City of Poughkeepsie deprived Plaintiff

of rights, remedies, privileges, and immunities guaranteed to every Citizen of the United States

under the Fourteenth Amendment of the United State Constitution.

243. In taking the actions complained of in the foregoing paragraphs, the Officer Defendants acted under

pretense and color of state law, in their individual and official capacities, and within the scope of

their respective employments as City of Poughkeepsie Police Department Officers.

244. As a direct and proximate result of the misconduct detailed above, Plaintiff sustained the damages

alleged in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows :

a)  Awarding compensatory damages for all physical and emotional distress, anxiety, humiliation, injury to reputation, emotional harm, pain and suffering, loss of wages, loss of career, family and social disruption and other grievous  harm, in an amount to be determined at trial;

b)  Awarding compensatory damages for all economic loss in an amount to be determined at trial;

c)  Awarding punitive damages in an amount to be determined at trial; and

d)  Granting pre-and post-judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems necessary and proper.

## JURY TRIAL DEMAND

A jury trial is hereby demanded on all issues.

Dated:  At Wappingers Falls, New York
         January 14, 2016

By: _____

Ryanne Konan, Esq.
4 Marshall Road, Suite 107
Wappingers Falls, NY 12590
Tel: (845) 309-3432
Fax: (845) 231-0508

## <u>VERIFICATION</u>

STATE OF NEW YORK    )
                                          ) ss.:
COUNTY OF DUTCHESS )


   FRANK W  WHITE JR, being duly sworn, depose and say :

   I am the Plaintiff in the above-mentioned action.  I swear that the content of the Verified First Amended Complaint is true to the best of my knowledge, except as to the matters stated to be alleged upon information and belief, and as to those matters I believe them to be true.


_01/14/2016_
DATE                                                                             FRANK W. WHITE JR


Sworn to before me this
      14th   Day of  January 2016

RYANNE GUY KONAN
Notary Public - State of New York
NO. 02KO6235661
Qualified in Dutchess County
My Commission Expires Feb 14, 2019

NOTARY PUBLIC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT

---

FRANK W WHITE JR,

                    Plaintiff ,

 -against-

THE COUNTY OF DUTCHESS, CITY OF POUGHKEEPSIE ,

OFFICER SEAN MCCARTY,  OFFICER BRYAN CRONK,

OFFICER VAN WAGNER , OFFICER ROBERT HABERSKI,

OFFICER  MATTHEWS HAMEL, OFFICER LAWRENCE

 BARTOLOTTI,

 INDIVIDUALLY

And Employees of the City of Poughkeepsie Police Department,

STEVE ROSENBLUM, Individually  and his Official Capacity
                     as Parole Revocation Specialist.

---

**SUMMONS AND COMPLAINT**

---

**RYANNE G. KONAN, ESQ.**

ATTORNEY FOR PLAINTIFF

4 MARSHALL ROAD SUITE 107

WAPPINGERS FALLS, NY 12590

TEL : (888)536-1434

Cell: (845) 309-3432

Fax: (845)231-0508